United States District Court
For the District of Columbia

FILED
JUL 21 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Donnell Hurt, FCI Allenwood
P.O. Box 2000
Plaintiff, White Deer, PA
17887

v.

D.C. Metropolitan Police Dept.,
Officer Brian P. Holland, et al.,
Defendants.

CASE NO. _____

CASE NUMBER   1:05CV01439
JUDGE: John D. Bates
DECK TYPE: Pro se General Civil
DATE STAMP: 07/21/2005

## Civil Rights Violation Complaint, 42 U.S.C. 1983

Comes now plaintiff Donnell Hurt, a _pro se_ litigant, files this civil action against the defendants for violation of plaintiff civil rights encoded in the U.S. Constitution's 4th, 5th and 8th Amendments. Wherefore, plaintiff is seeking relief of compensatory damages in the amount of Five-Hundred thousand Dollars ($500,000) and punitive damages in the amount of Five-Hundred thousand Dollars ($500,000).

**Plaintiff demands a trial by jury.**

## Jurisdiction

Under 42 U.S.C. Section 1983, this court has jurisdiction to entertain or hear plaintiff's complaint since the defendants are an agency and employees of the District of Columbia and acted under color of D.C. law when plaintiff rights were violated.

1

(3.)

On December 18, 2003, a warrant was logged against plaintiff by the U.S. Parole Commission based on the police report of Officer Brian P. Holland. The Parole Commission had filed additional charges of assault, felony threat and communicating a threat to kill (interstate commerce). A revocation hearing was scheduled for April 19, 2004, to determine the need to revoke plaintiff's parole. On March 22, 2004, the Superior Court of the District of Columbia had dismissed the charge of simple assault — the only charge for which plaintiff was arrested on December 11, 2003. No additional charges were filed against plaintiff in a court of law.

On April 19, 2004, plaintiff had appeared before a revocation hearing conducted by Otis Thomas, Hearing Examiner of the U.S. Parole Commission. Also appearing at the hearing were adverse witnesses Mary Hurt and Officer Brian P. Holland. The entire hearing was tape-recorded of which plaintiff was able to obtain his copy, pursuant to Freedom of Information Act Requirement. The alleged victim Mary Hurt testified that plaintiff never punched her in the face with a closed fist nor did he threaten to kill her or her son, among other things. Officer Brian P. Holland testified that the alleged victim called 911 Metropolitan Police Dept., that MPD Communications stated a brother had just assaulted his sister and fled in a car, that the alleged victim stated to him upon arriving on the scene that her brother, while driving his car, stopped and turn around hit her in the face with a closed fist. He also stated that the left side of her jaw was reddening and that when he arrived on the scene, she was on the phone talking to her brother when he threaten to kill her, among other things.

(4.)

At the conclusion of the Revocation hearing, the hearing Examiner had determined, based on the testimony of Officer Brian P. Holland and the police Report of Officer Brian P. Holland (Report dated December 11, 2003), plaintiff's parole was revoked and he was return back to Federal prison.

## Statement of Claim

Plaintiff claims that the actions of Officer Brian P. Holland, while acting under color of D.C. Law, violated plaintiff Rights to due process (procedural) of Law; Rights against illegal search and seizure, and right to be free of cruel and unusual punishment. Wherefore, plaintiff is seeking relief of monetary damages totalling one-million dollars ($1,000,000).

## First Cause of Action

Plaintiff claims that the police Report of Officer Brian P. Holland was the ~~first~~ Fruit of an unlawful arrest; contains the statements of an alleged witness who doesn't exist, and it is marred with inadequate and inconsistancy statements. Officer Brian P. Holland's police Report indicates that he arrives on the "scene" in the 1100 block of 8th St. S.E. and saw the alleged victim "visibility upset and crying." According to Officer Brian P. Holland report, the alleged victim stated to him that her brother punched her in the face with a closed fist, contrary to what the alleged victim has stated in Superior Court and at both the probable cause and revocation hearings. Plaintiff contends that the statement of Steve Lee encoded in Officer Brian P. Holland's Report states as follows: "W-2 stated he was in the front seat with D-1 when D-1 became involved in a verbal altercation with his sister and that he leaned back and punched W-1 in

(5.)

the FACE with a closed Fist who was sitting in the back seat diagnol From D-1." D-1 OF OFFicer Brian P. Holland's Report is identified as the plaintiff. W-1 and W-2 are identified as Mary Hurt and Steve Lee, Respectively. Plaintiff claims that the statements allegedly made by Steve Lee were erroneous, prejudicial and meritless since this individual does not exist. Plaintiff claims that there was not an individual seated in the front passenger seat of his car, who witness an alleged assault, under the name of Steve Lee. Nor does a Steve Lee lives at 721 Kearney St N.E. Washington D.C., the same address of plaintiff and the alleged victim at the time of the allege incident on December 11, 2003. Yet this erroneous statements and information of Steve Lee are enclosed in Officer Brian P. Holland's report which form the basis for an unlawful arrest, and thus violated plaintiff's right to procedural Due Process of Law; and right against illegal search and seizure.

## Second Cause of Action

Plaintiff claims his right to procedural Due Process was violated when Officer Brian P. Holland, responding to the Radio Run, arriving on the scene of an alleged criminal act occurred, filed a police report in which the alleged victim stated to him that she was "punched in the face with a closed fist" by a man who is 6'3" and 220 pounds, according to Officer Brian P. Holland's Report. Yet there were no pictures taken of the victim's injuries; no medical/injurie report filed, no medical treatment was requested. No investigation of Officer Brian P. Holland was conducted since the plaintiff was in police custody but was never questioned by the reporting/arresting

(6.)

Officer Brian P. Holland, contrary to standard police procedures when officers responding to domestic violence complaints involving individuals at or near the scene to be available for questioning, as in the case of plaintiff and his sister. Officer Brian P. Holland did not do this. Nor did he allowed the alleged victim to come and identify the plaintiff who was in custody. Plaintiff claims that the police report of Officer Brian P. Holland erroneously states that he was the arresting officer thus indicating that he read plaintiff his Miranda warnings and that he obtain a statement from plaintiff after he was arrested which goes as follows: "Why are you locking me up if she don't want to press charges." Contrary to what Officer Brian P. Holland stated during his testimony as an adverse witness at plaintiff's revocation hearing on April 19, 2004, in which he was responding to a questing or question asked by attorney representing plaintiff. Jason Isaacs, attorney for plaintiff, asked Officer Brian P. Holland, "Did he ever go speak or talk to Mr. Hurt when he was in police custody?" Officer Brian P. Holland stated, "No." He never questioned spoked or talk with plaintiff when he was detained. Yet his report erroneously stated he was the arresting officer and obtained a statement from plaintiff.

Plaintiff claims that Officer Brian P. Holland's failure to follow standard police procedures on December 11, 2003, resulted to plaintiff being unlawfully arrested, violated plaintiff's right to due process of law, equal protection of the law, and right against illegal SEARCH AND SEIZURE.

(7.)

## THIRD CAUSE OF ACTION

Plaintiff claims that his right to Due Process of Law and his right to be free from cruel and unusual punishment were violated when Officer Brian P. Holland appearing at plaintiff's revocation hearing on April 19, 2004, as an adverse witness and testifying using inconsistent and erroneous statement that when he arrived on the scene of the allege event on December 11, 2003, he notice the alleged victim's jaw or cheek was red or that there was reddening on the left side of her jaw or cheek. He also stated erroneously that while he was on the scene the alleged victim was on the phone talking with her brother now and telling her not to say anything to the police, that if she said anything to the police he would kill her and her son. Officer Brian P. Holland also testified erroneously and falsely that the alleged victim stated to him when he arrived on the scene that plaintiff, while driving his car and the alleged victim was seated in the back seat, he stopped his car, turned around to face the alleged victim and hit or punched her in the face with a closed fist, contrary to his police report dated December 11, 2003, in which Officer Brian P. Holland identifies Steve Lee stating in pertinent parts: "He was in the front [passenger] seat with plaintiff when plaintiff leaned back and punched the alleged victim in the face with a closed fist who was sitting in the back seat diagnol from plaintiff," according to Officer Brian P. Holland's police report. Officer Brian P. Holland's report, as it relates to the alleged assault, only indicates that the alleged victim stating in pertinent parts: "Her brother punched her in the face with a closed fist." Plaintiff claims that Officer Brian P. Holland's pattern of blatant inconsistencies with regard to his police report dated December 11, 2003 and his testimony during the revocation hearing on

(8.)

April 19, 2004, which resulted in the U.S. Parole Commission's decision to revoke plaintiff's parole, his lost of liberty, lost of job, etc. And thus, returning plaintiff to federal prison for punishment purposes. Plaintiff claims that these deprivations and others were the direct result of Officer Brian P. Holland, acting under color of D.C. law.

## Defendants

1. District of Columbia Metropolitan Police Department, employer of Officer Brian P. Holland, is being sued in its official capacity as employer of ~~official~~ Officer Brian P. Holland.

2. Officer Brian P. Holland, employee of the D.C. Metropolitan Police Department, is being sued in his personal, individual and official capacities as policeman of the D.C. Metropolitan Police Dept.

## Relief Sought

Plaintiff Donnell Hurt respectfully request this Honorable Court to order defendants to pay compensatory and punitive damages totalling the amount of one million dollars ($1,000,000).

This 22 day of ~~July~~ June, 2005

Thank you,
s/ Donnell Hurt
Donnell Hurt #00035-000
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA. 17887

I declare under penalty of perjury that the foregoing is true and correct.
s/ Donnell Hurt

[Notary signature]

NOTARIAL SEAL
CYNTHIA A. HUGAR, Notary Public
Gregg Twp., Union County
My Commission Expires December 19, 2005