UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONNELL HURT, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>METROPOLITAN POLICE DEPARTMENT, *et al*, )<br>)<br>    Defendants. )<br>) | Civil Action No. 1:05CV01439 (JDB) |

### DEFENDANT METROPOLITAN POLICE DEPARTMENT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendant District of Columbia Metropolitan Police Department ("MPD") through undersigned counsel the Office of the Attorney General, respectfully moves this honorable Court for an order dismissing the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This court cannot grant the relief that plaintiff requests in his complaint because Defendant MPD is *non sui juris*. In further support of this Motion, Defendant MPD respectfully refers the Court to the attached Memorandum of Points and Authorities.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Holly M. Johnson* /s/
HOLLY M. JOHNSON [476331]
Section Chief
Civil Litigation Division, Section III

/s/ *Niquelle M. Allen* /s/
NIQUELLE M. ALLEN
Assistant Attorney General
Bar Number 471480
Suite 6SO59
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6600
(202) 727-3625 (fax)
E-Mail: niquelle.allen@dc.gov


LOCAL RULE 7.1(m) CERTIFICATE


    Undersigned counsel did no seek plaintiff's consent to this motion because the motion is dispositive.


/s/ *Niquelle M. Allen* /s/
NIQUELLE M. ALLEN
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONNELL HURT, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>METROPOLITAN POLICE DEPARTMENT, *et al*, )<br>)<br>      Defendants. )<br>_____) | Civil Action No. 1:05CV01439 (JDB) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT METROPOLITAN POLICE DEPARTMENT'S MOTION TO DISMISS**

The Court should dismiss the complaint against Defendant District of Columbia Metropolitan Police Department ("MPD") because plaintiff's complaint does not state a claim upon which this court may grant him the relief sought. Defendant MPD is not a suable entity, so this Court should dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.  PRELIMINARY STATEMENT**

On July 21, 2005, plaintiff filed this instant lawsuit against the District of Columbia Metropolitan Police Department. Plaintiff claims that MPD violated his civil rights due to the actions of Defendant Officer Brian K. Holland. Plaintiff alleges that "[o]n December 18, 2003, a warrant was logged against plaintiff by the U.S. Parole Commission based on the police report of Officer Brian P. Holland." Complaint, ¶ 3. The police report alleged that the plaintiff allegedly assaulted Mary Hurt when he "punched her in the face with a closed fist," and threatened to kill Ms. Hurt and her son. Id. Based upon this police report and the testimony forwarded at the parole revocation hearing, the plaintiff's parole was revoked. Complaint, ¶¶ 3-4.

3

Plaintiff claims that Officer Holland "[w]hile acting under color of D.C. Law, violated plaintiFF (sic) Rights to due process (procedural) oF (sic) Law; Rights against illegal search and seizure, and right to be Free oF (sic) cruel and unusual punishment." Complaint, p. 3.

## II.  ARGUMENT

### I.  Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. Haynesworth v. Miller, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). Id. The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Communications Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

### II.  The District of Columbia Metropolitan Police Department is *Non Sui Juris*, so this Court cannot grant the relief plaintiff seeks.

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the District of Columbia Metropolitan Police Department of Corrections is *non sui juris*. The duties and powers of MPD, are set forth in D.C. Code § 5-105.05, *et seq*., and there is no provision for it to be sued as a body within the District of Columbia government. See Hinton v. Metropolitan Police Department, 726 F. Supp. 875 (D.D.C. 1989). A noncorporate department or other body

4

within a municipal corporation is not *sui juris*.  Braxton v. National Capital Housing Authority, 396 A.2d 215, 216 (D.C. 1978); 3 McQuillin Municipal Corporations §12.40 (3d ed. 1973).  This jurisdiction has consistently found that bodies within the District of Columbia government are not suable as separate entities.  Braxton, 396 A.2d at 216; Robertson v. District of Columbia Board of Higher Education, 359 A.2d 28, 31 n.4 (D.C. 1976) (Board of Higher Education not a suable entity.); Miller v. Spencer, 330 A.2d 250, 251, n.1 (D.C. App. 1974) (Dept. of Sanitation *non sui juris*); Turner v. District of Columbia, *et al.*, 532 A.2d 662, 675 (1987) (dismissal of the Department of Human Services affirmed "because it is not a suable entity.").

As the District of Columbia Department of Corrections, is *non sui juris*, plaintiff fails to state a claim upon which relief can be granted.  See Hinton v. Metropolitan Police Department, 726 F. Supp. 875 (D.D.C. 1989).  Therefore, plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6).

### III.     CONCLUSION

Based upon the foregoing, Defendant District of Columbia Metropolitan Police Department respectfully requests that Plaintiff's complaint be dismissed with prejudice.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Holly M. Johnson* /s/
HOLLY M. JOHNSON [476331]
Section Chief
Civil Litigation Division, Section III

5

/s/ *Niquelle M. Allen* /s/
NIQUELLE M. ALLEN
Assistant Attorney General
Bar Number 471480
Suite 6SO59
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6600
(202) 727-3625 (fax)
E-Mail: niquelle.allen@dc.gov

## Certificate of Service

I certify that I have caused to be served a copy of the Motion Dismiss, and the Memorandum of Points and Authorities in Support of the Motion by first class U.S. Mail, postage pre-paid on this 10th Day of November, 2005 to:

> Donnell Hurt
> Inmate No. 00035000
> F.C.I. Allenwood
> White Deer, PA 17887
> *Pro Se Plaintiff*

                                      /s/ *Niquelle M. Allen* /s/
                                      NIQUELLE M. ALLEN
                                      Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONNELL HURT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:05CV01439 (JDB) |
| | ) |
| METROPOLITAN POLICE DEPARTMENT, *et al*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Upon consideration of Defendant's Motion to Dismiss, the memorandum of points and authorities in support thereof, and the record herein, it is, by this Court this ____ day of ____, 2005;

ORDERED that the Motion is hereby granted; and it is

FURTHER ORDERED that the complaint against Defendant District of Columbia Metropolitan Police Department be dismissed with prejudice.


_____
JUDGE JOHN D. BATES
United States District Court
District of Columbia

Copies to:   Niquelle M. Allen, Esquire
Assistant Attorney General
441 4th Street, N.W., 6S059
Washington, D.C. 20001

Donnell Hurt
Inmate No. 00035000
F.C.I. Allenwood
White Deer, PA 17887