United States District Court
For The District of Columbia

Donnell Hurt,

    Plaintiff,

v.

District of Columbia
Metropolitan Police Dept.,
Officer Brian P. Holland, et al,

    Defendants.

Civil Action # 05-1439
(JDB)

Plaintiff opposition Response to the Defendant District of Columbia Metropolitan Police Department (hereafter — "District of Columbia") Motion to Dismiss pursuant to the Federal Rule of Civil Procedure 12(b)(6).

Comes now plaintiff Donnell Hurt, a <u>pro se</u> <u>litigant</u>, Files this Response opposing the Defendant District of Columbia's Motion to Dismiss for reasons set forth below:

Defendant District of Columbia's motion to Dismiss is primarily based on the following two grounds — First, that plaintiff's complaint under 42 U.S.C. Section 1983 Fails to state a claim upon which Relief can be granted. And secondly, that the Defendant District of Columbia is precluded from being sued based on the principle or Doctrine of <u>Non sui juris</u>. With respect to these two grounds Raised by the Defendant District of Columbia, plaintiff will make an elaborate Response.

### A. Standard of Review

A complaint "should not be Dismissed for Failure to state a claim unless it appears beyond a Doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to Relief." <u>Conley v Gibson</u>,

2.

355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). The Plaintiff need not set out in details the facts upon which the claim is based; to the contrary, all that is required is a short and plain statement of the claim that will give the Defendant fair notice of what the claim is and the grounds upon which it rests. See Sparrow v. United Air Lines Inc., 216 F.3d 1111, 1114 (D.C. Cir 2000). This Court must draw all reasonable inferences in the light most favorable to the non-moving party, and accept as true all well-pleaded allegations of facts. See Pitney Bowes Inc. v. U.S.P.S., 27 F. Supp. 2d 15, 19 (D.D.C. 1998). In addition, this Court is bound to read the filings of a pro se litigant liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L. Ed. 2d 652 (1972); Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir 1999).

### B. Section 1983 Action

Section 1983 provides that "every person who, under color of [state law] subjects, or causes to be subjected, any citizen... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.... 42 U.S.C. Section 1983." A municipality, such as the District of Columbia, may be held liable under Section 1983 "only when the execution of its official policy or custom is responsible for the deprivation of constitutional rights." Morgan v. District of Columbia, 824 F.2d 1049, 1058 (D.C. Cir. 1987); see also Daskalea v. District of Columbia, 227 F.3d 433, 441 (D.C. Cir. 2000).

Plaintiff's complaint sufficiently alleges that a police officer, employed by the Defendant District of Columbia, while acting under color of D.C. Law, executing and carrying out an ordinance, policy, custom or procedures, deprived plaintiff of established constitutional rights. The District of Columbia promulgates laws, procedures, customs, etc., for various administrative and subordinate agencies within its government, including the Metropolitan Police Department. Under the Doctrine of <u>Respondeat Superior</u> a master [municipality] is liable for the wrongful acts of his servant [employee], and a principal for those of his agent. <u>Burger Chef Systems, Inc., v. Govro</u>, C.A. Mo., 407 F.2d 921, 925. Under this Doctrine, Master is responsible for want of care on servant's part toward those to whom master owes duty to use care, provided failure of servant to use such care occurred in the course of his employment. Plaintiff contends that the execution of police policies and/or procedures, or the lack of execution thereof by employees of the Defendant District of Columbia had deprived plaintiff of his Constitutional Rights therefore the Defendant District of Columbia is a "person" subject to liability under Section 1983 and in its official capacity solely under the theory or Doctrine of Respondeat Superior.

 Finally, Plaintiff contends that the Defendant District of Columbia's Motion to Dismiss under the Doctrine of <u>Non Sui Juris</u> is ludicrous and cannot survive in this matter since it's well settled in this court that the District of Columbia is a municipality and therefore it does not lack the legal capacity or fortitude to represent itself or defend itself in a court of law.

4.

Wherefore, based on the plaintiff's response opposing Defendant District of Columbia's motion to Dismiss, that this Honorable Court Deny the motion And Declare Judgment For the plaintiff.

## Certificate of Service

I Donnell Hurt hereby certifies that a copy of this opposition response was mailed postage prepaid to:

Niquelle M. Allen
Assistant Attorney General
Bar # 471480    Suite 6S059
441 4th Street, N.W.
Washington, D.C. 20001

This 20th Day of November, 2005.

Respectfully Submitted,

S/ Donnell Hurt

Donnell Hurt #00035000
P.O. Box 2000
Allenwood FCI
White Deer, PA.
17887