UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONNELL HURT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action 1:05CV01439 (JDB) |
| | ) |
| DISTRICT OF COLUMBIA, et al. | ) |
| | ) |
|     Defendants. | ) |

### DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS

Defendant District of Columbia, by and through counsel, respectfully moves this Honorable Court to dismiss the above-referenced action pursuant to Fed. R. Civ. P 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Court has approved plaintiff's application to proceed in forma pauperis. However, the plaintiff's complaint is frivolous and fails to state claim against the District of Columbia from which relief may be granted. The District also requests that this Court revoke plaintiff's in forma pauperis status. In support of this Motion, the District has attached and incorporated hereto a Memorandum of Points and Authorities.

                                            Respectfully Submitted,

                                            ROBERT J. SPAGNOLETTI
                                            Attorney General for the District of Columbia

                                            GEORGE C. VALENTINE
                                            Deputy Attorney General
                                            Civil Litigation Division


                                            __/s/_____
                                            PATRICIA A. JONES [428132]
                                            Chief, General Litigation Sec. IV

        __/s/_____
        MATTHEW W. CASPARI [488295]
        Assistant Attorney General
        441 Fourth Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6650; (202) 727-6295

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 23rd day of January, 2006, that a copy of the foregoing Motion to Dismiss, Memorandum of Points and Authorities in support thereof, and Proposed Order were mailed postage prepaid to:

Mr. Donnell Hurt
16 Chesapeake St., SW
Washington, D.C. 20032

        __/s/_____
        MATTHEW CASPARI
        Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONNELL HURT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action 1:05CV01439 (JDB) |
| ) | |
| DISTRICT OF COLUMBIA, <u>et al.</u> ) | |
| ) | |
| Defendants. ) | |

**<u>DISTRICT OF COLUMBIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS</u>[1]**

In support of its Motion to Dismiss Plaintiff's Complaint, this defendant herein submits its memorandum of points and authorities, and states as follows:

I. Statement of Facts

Plaintiff filed suit on July 21, 2005, alleging three causes of action under 42 U.S.C. § 1983, against the Metropolitan Police Department (MPD) and Officer Brian Holland. Plaintiff's alleges that the Officer Holland and the MPD violated his procedural due process rights, his rights against illegal search and seizure, and the right to be free of cruel and unusual punishment. See Complaint, pg. 3.

Plaintiff's first cause of action (Count I) alleges that Officer Holland's police report was "the fruit of an unlawful arrest" because the report contains the statement of an alleged witness that doesn't exist and is marred with inadequate and inconsistent statements. Id. Plaintiff's

---

[1] The District's Motion to Dismiss is not converted to one for summary judgment by the Court's consideration of documents that are a matter of public record, central to the allegations in plaintiff's complaint and/or subject to judicial notice. See Messerschmidt v. United States, 2005 U.S. Dist. LEXIS 3954 (D.D.C. 2005)(The defendant's motion to dismiss was not converted to motion for summary judgment when attached thereto were prior court opinions relating to the allegations in the complaint and which were matters of public record.) See also Abbey v. Modern Africa One, LLC, 2004 U.S. Dist. LEXIS 2392 (D.D.C. 2004)("In a motion to dismiss, the Court may consider facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint, and matters of which the Court may take judicial notice." citing Baker v. Henderson, 150 F. Supp. 2d 17, 19 (D. D.C. 2001).

3

second cause of action (Count II), very similar to the first, alleges plaintiff's procedural due process rights were violated when Officer Holland responded to the scene and filed a police report concerning the assault without taking pictures, without questioning all witnesses or otherwise conducting a more complete investigation.  Id., pg. 4-5.  In addition, in Count II, plaintiff further alleges that Officer Holland's "failure to follow standard police procedures" resulted in his being unlawfully arrested, violated his right to due process, equal protection of the law, and the right against illegal search and seizure.

In plaintiff's third cause of action (Count III), he claims that Officer Holland violated his right to due process and right to be free from cruel and unusual punishment by testifying at his parole revocation hearing on April 19, 2004, and testifying "using inconsistent and erroneous statements."  Complaint, pg. 6.  Plaintiff also recounts the alleged erroneous statements that were alleged in Counts I through II.  Plaintiff submits that he was represented by counsel at the parole revocation hearing who cross-examined Officer Holland.  Complaint, pg. 5.

Plaintiff asserts on pg. 7 of his Complaint, that he is suing Officer Holland in his individual capacity and the MPD as the employer of Officer Holland.

Plaintiff is a convicted murderer and is currently incarcerated at the D.C. Jail or a halfway house.  See Docket #17, see also Exhibit E, Judge Caldwell's Memorandum Opinion and Order dated July 6, 2005.  Plaintiff has sought, and received, in forma pauperis status by Order of this Court, dated July 21, 2005.  See Docket #4.

The United States District Court for the District of Columbia's records reveal that plaintiff has previously filed five (5) civil actions, not including the present case, while a prisoner.  In Hurt v. DC Government, 1:97cv00696, the Court granted the District's Motion to Dismiss for failure to state a claim.  See Exhibit A, Order and Memorandum Opinion dated

4

March 10, 1998. Plaintiff appealed the dismissal to the United States Circuit Court for the District of Columbia but then never prosecuted the appeal resulting in a dismissal. Exhibit B, Order dated July 23, 1998. Similarly, in Hurt v. Roach, et al., 1:96cv01908, the Court granted the District's Motion to Dismiss plaintiff's complaint for failure to state a claim and the D.C. Circuit also dismissed this appeal. See Exhibits C and D, Order and Memorandum Opinion dated June 23, 1997, and Order dated October 3, 1997, respectively.

The Court's records also indicate that plaintiff has filed two prior habeas corpus petitions Hurt v. Hoelnick, et al., 1:04cv1610 and Hurt v. Pearson et al., 1:01cv01760. See Exhibit E and F, Memorandum Opinion and Order dated July 6, 2005, and Order dated April 23, 2002, respectively. The April 23, 2002, Order indicates that the petition was dismissed "as conceded" only after the United States Parole Commission had already responded. The July 6, 2005, Order indicates the petition was dismissed as lacking merit.

In all these cases, plaintiff's has used the privilege of in forma pauperis status to file vexatious actions against the District and/or the United States causing the respective defendants/respondents to expend unnecessary time and resources in responding to the complaints and seeking their dismissal.

Moreover, in Hurt v. Hoelnick, et al., 1:04cv1610, plaintiff filed for habeas corpus relief on September 16, 2004, premised upon the exact same facts that are alleged in this instant action. See Exhibit E. Plaintiff's petition was transferred to the Middle District of Pennsylvania where it was subsequently denied as meritless on July 6, 2005. Exhibit E. For the following reasons, dismissal of plaintiff's Complaint is appropriate.

II. Argument

A. Plaintiff's Complaint Fails To State Claim Against the District For Which Relief May Be Granted.

    1. Plaintiff Has Failed to Establish Municipal Liability Under § 1983.

A municipality cannot be held liable under 42 U.S.C. § 1983, on a respondeat superior theory. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). A municipality can only be found liable under 42 U.S. C. § 1983, when the municipality itself causes the constitutional violation at issue. Collins v. City of Harker Heights, 503 U.S. 115, 123 (1992). It is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983. Id.

Plaintiff has brought his claims under 42 U.S.C. § 1983, against the herein-named parties. See Complaint, pg. 1. Plaintiff's claim against Officer Holland's employer, the MPD, for which the District was substituted as a party defendant, is premised exclusively on the fact that Officer Holland was an employee of the District. See Complaint, pg. 7 ("District of Columbia Metropolitan Police Department, employer of Officer Brian P. Holland, is being sued in its official capacity as employer of Officer Brian P. Holland.") In fact, the complaint only alleges facts against Officer Holland related to plaintiff's arrest, and the alleged erroneous police report and testimony provided by defendant Holland. The complaint is silent as to any wrongdoing by the MPD or the District of Columbia. See Complaint, generally. Thus, plaintiff's has failed to state a claim against the District for a violation of 42 U.S.C. § 1983.

    2. The District Cannot Be Held Liable for Defendant Holland's Testimony.

Plaintiff's claims against the District are facially frivolous and should be dismissed pursuant to 28 U.S.C. § 1915(e). It is well-settled that a police officer has absolute immunity for his testimony in judicial proceedings, and that testimony in a parole revocation hearing is no

exception. See Briscoe v. LaHue, 460 U.S. 325 (1983)(police officer absolutely immune from civil liability based on their testimony in judicial proceedings.); see also Scarborough v. Hardell, 1989 U.S.Dist. LEXIS 3199 (D.D.C. 1989)(Briscoe applies with equal force to testimony by federal probation officer in parole revocation hearing.)

      Plaintiff's complaint seeking money damages for the wrongful arrest and parole revocation based upon Officer Holland's allegedly erroneous testimony is clearly barred by Heck v. Humphrey, 512 U.S. 477 (1994), which requires that the plaintiff prove that the alleged wrongful conviction or sentence be reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called in question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 487. As the attached Order from Judge Caldwell indicates, plaintiff's petition for writ of habeas corpus, premised upon the very same facts alleged here, was denied. Exhibit E. Thus, plaintiff's suit against this defendant is barred under the doctrine enunciated in Heck which "avoids parallel litigation over the issues of probable cause and guilt…and it precludes the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." Id. at 484.

      3.     Collateral Estoppel Bars Plaintiff's Claims.

      In addition, plaintiff's claims against the District are barred by collateral estoppel. The Supreme Court in Allen v. McCurry, 449 U.S. 90 (1980), held that collateral estoppel bars an action under 42 U.S.C. § 1983, based on factual claims actually, fairly, and fully litigated, and decided against the section 1983, claimant, in an earlier state-court trial, even where the trial was a criminal trial in which the section 1983, claimant was the defendant. Plaintiff admits that he

7

was represented by counsel, Jason Isaacs, Esq., at his revocation hearing and that Mr. Isaacs cross-examined Officer Holland.  Complaint, pg. 5.  Thus, the issue that plaintiff seeks to litigate here, i.e. that he never assaulted his sister or that Officer Holland provided erroneous testimony to the parole revocation board, was already decided in that forum.  Since the U.S. District Court for the Middle District of Pennsylvania denied plaintiff's habeas petition based upon the same facts alleged in his complaint, he cannot now argue that he was denied a full and fair opportunity to defend himself at the parole revocation hearing.  See Exhibit E.

B.      28 U.S.C. § 1915(e) Should Bar Plaintiff From Proceeding Against the District.

Complaints filed by in forma pauperis plaintiffs are governed by 28 U.S.C. § 1915. Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that … (B) the action or appeal is (i) frivolous; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "Dismissals on [1915(e)] grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  Neitzke v. Williams, 490 U.S. 319, 324 (1989).

Section 1915(e) is "designed largely to discourage the filing of, and waste of judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for brining vexatious suits under [Rule 11]."  Section 1915(e) [previously 1915(d)] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Id. at 327.  Examples are "claims against which it is clear that the defendants are immune from suit."  Id. citing Williams v. Goldsmith, 701 F.2d 603 (7th Cir.

8

1983). See also Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983)(Court may consider affirmative defenses in ruling on dismissal for frivolousness.); Pugh v. Parish of St. Tammany, 875 F.2d 436 (5th Cir. 1989)(Where it appears from suit that defendants were engaged in initiation and prosecution of plaintiff's criminal case, and hence absolutely immune from action for damages, complaint may be dismissed as frivolous.)

Plaintiff's complaint runs afoul of all three subsections, i.e. its frivolous, fails to state a claim and clearly seeks relief from a defendant who is immune from suit. As encouraged by Neitzke, supra, the District respectfully requests that this Honorable Court dismiss plaintiff's complaint with prejudice and spare this defendant the inconvenience and expense of further answering this frivolous complaint.

D.      Plaintiff's In Forma Pauperis Status Should Be Revoked.

As the Court's record indicates, plaintiff has previously filed two (2) civil actions against the District, both of which were dismissed for failure to state a claim. Exhibits A and C. Plaintiff appealed judgment in both of those actions while in forma pauperis but failed to prosecute the appeals resulting in dismissals. Exhibits B and D. Plaintiff also filed two (2) previous habeas corpus petitions while in forma pauperis, both of which were dismissed as lacking merit. Exhibits E and F. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a prisoner. See Docket #17; See also Kimberlin v. Hatch, 2002 U.S. App. LEXIS 13671 (D.C. Cir. 2002)("Prisoner" for purposes of § 1915(g) includes inmates residing at "halfway houses.") While habeas corpus petitions may not count as civil actions for purposes of

9

Section 1915(g), the record still demonstrates plaintiff's long history of misusing the privilege of in forma pauperis status to file frivolous actions. The District of Columbia respectfully requests that this Honorable Court revoke plaintiff's in forma pauperis status and order plaintiff to seek leave of court prior to filing any future civil actions.

### III. Conclusion

The District of Columbia respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint.

        Respectfully Submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        __/s/_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

        __/s/_____
        MATTHEW W. CASPARI [488295]
        Assistant Attorney General
        441 Fourth Street, N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6650; (202) 727-6295

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONNELL HURT,                )
                             )
    Plaintiff,               )
                             )
v.                           )          Civil Action 1:05CV01439 (JDB)
                             )
DISTRICT OF COLUMBIA, et al. )
                             )
    Defendants.              )

## ORDER

Upon consideration of the District of Columbia's Motion to Dismiss, the memorandum of points and authorities in support thereof, the plaintiff's opposition, if any, and the entire record herein, it is by this Court, this _____ day of _____, 200____.

ORDERED that the Complaint is hereby DISMISSED WITH PREJUDICE for the reasons stated in the District's motion, and it is

FURTHER ORDERED that plaintiff shall seek leave of court prior to filing any future civil actions in this Court.

_____
JOHN D. BATES
Judge, United States District Court for
the District of Columbia

11