UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Donnell L. Hurt, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 97-0696 (GK) |
| District of Columbia, | ) |
| Defendant. | ) |

FILED

MAR 10 1998

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

### ORDER

For the reasons set forth in a Memorandum Opinion issued today, it is this 10th day of March, 1998,

**ORDERED** that Defendant's Motion to Dismiss the Complaint or for Summary Judgment [8, 12] is **GRANTED**; and it is

**FURTHER ORDERED** that the action is DISMISSED. Any pending motions are denied as moot. This is a final appealable order. See Fed. R. App. P. 4(a).



GLADYS KESSLER
United States District Judge

| | |
|---|---|
| Donnell L. Hurt, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 97-0696 (GK) |
| ) | |
| District of Columbia, ) | |
| ) | |
| Defendant. ) | |

FILED

MAR 10 1998

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

This case comes before the Court upon Defendant District of Columbia's Motion to Dismiss the Complaint or for Summary Judgment. Plaintiff requested and was granted an extension of time in which to respond to Defendant's motion. See Order filed September 10, 1997. When Plaintiff failed to respond, Defendant's motion was granted. See Order filed November 7, 1997. Shortly thereafter, Plaintiff filed a motion to reconsider in which he stated that he never received a copy of Defendant's motion or this Court's Order filed September 10, 1997. As a result, this Court's previous order dismissing the action was vacated and Defendant was ordered to serve a copy of its motion on Plaintiff by certified mail. See Order filed December 15, 1997. Plaintiff has now responded to Defendant's motion.

### I. Background

Plaintiff, Donnell Hurt, is a District of Columbia inmate, proceeding *pro se* and without prepayment of costs. He alleges that his prison file contains erroneous information that is prejudicial to him. As a result of this erroneous information and the conduct of officials at his "Parole Package" hearing, Mr. Hurt alleges he was denied a fair parole hearing and was

requiring prison officials to remove all erroneous information from his prison record. Plaintiff filed a petition for writ of habeas corpus in Superior Court of the District of Columbia in which he challenged the denial of parole on the grounds that the Parole Board's decision was based on erroneous information. The petition was denied and the denial was affirmed on appeal.

## II.     Discussion

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. Shear v. National Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979).

To state a claim for violation of due process rights under the Fifth Amendment, Plaintiff must identify a protected liberty interest that has been denied. Sandin v. Conner, 115 S.Ct. 2293, 2297 (1995). Plaintiff asserts that a liberty interest is created by the District of Columbia Lorton Regulations Approval Act ("LRAA") and municipal regulations promulgated pursuant to the LRAA. In Sandin, the Supreme Court rejected Plaintiff's due process analysis, applied in a number of earlier decisions, in which the search for a liberty interest depended solely on mandatory language in prison regulations. Instead, the Court relied on the approach followed in Wolff v. McDonnell, 418 U.S. 539 (1974) and Meachum v. Fano, 427 U.S. 215 (1976).

> [W]e believe that the search for a negative implication from mandatory language in prisoner regulations has strayed from the

2

> we believe were correctly established and applied in *Wolff* and
> *Meachum*. Following *Wolff*, we recognize that States may under
> certain circumstances create liberty interests which are protected by
> the Due Process Clause. But these interests will be generally
> limited to freedom from restraint which, while not exceeding the
> sentence in such an unexpected manner as to give rise to protection
> by the Due Process Clause of its own force, nonetheless imposes
> atypical and significant hardship on the inmate in relation to the
> ordinary incidents of prison life.

Sandin, 115 S. Ct. at 2300 (footnote and citations omitted).

In Plaintiff's complaint and his opposition, he argues that there is a liberty interest in having erroneous information expunged from his inmate institutional file, citing Paine v. Baker, 595 F.2d 197 (4th Cir.), cert. denied, 444 U.S. 925 (1979). The court in Paine identified a due process claim where a prisoner alleges: "(1) that information is in his file, (2) that the information is false, and (3) that it is relied on to a constitutionally significant degree." Paine, 595 F.2d at 201. Although it has not been explicitly overruled, the Fourth Circuit's holding in Paine has been called into question by the Supreme Court's subsequent decision in Sandin. See, e.g., Johnson v. Rodriguez, 110 F.3d 299 (5th Cir. 1997) (questioning Paine's continued precedential value).

In any event, the United States Court of Appeals for the District of Columbia Circuit -- which this Court must follow -- has not adopted Paine or its reasoning, but has consistently denied access to federal courts for state prisoners challenging their parole procedures. See, e.g., Ellis v. District of Columbia, 84 F.3d 1413, 1420 (D.C. Cir. 1996). There is no liberty interest at stake in a parole package hearing. The constitution itself does not create a liberty interest in parole, see Greenholz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979), and a liberty interest has

3

not been created in parole by District of Columbia law or Board of Parole regulations, see Price v. Barry, 53 F.3d 369 (D.C. Cir. 1995) (liberty interest not created by D.C. Code § 24-204(a)); Ellis v. District of Columbia, 84 F.3d at 1420 (liberty interest not created by 28 DCMR § 204.19-.21); McRae v. Hyman, 667 A.2d 1356, 1357 (D.C. 1995) (same). Nor can there be a liberty interest created by the parole package hearing itself. Brandon v. District of Columbia Board of Parole, 823 F.2d 644, 648-49 (D.C. Cir. 1987).

This is not to say that Plaintiff does not have an avenue for relief. Because a claim that Plaintiff was improperly denied parole necessarily challenges the fact or duration of confinement, it must be brought as a petition for writ of habeas corpus. Chatman-Bey v. Thornburgh, 864 F.2d 804, 809, n.5 (D.C. Cir. 1988). Petitions for habeas corpus filed against District of Columbia officials must be filed in the Superior Court of the District of Columbia. D.C. Code §16-1901; Wilson v. Office of the Chairperson, District of Columbia Board of Parole, 892 F. Supp. 277, 281 (D.D.C. 1995).

Plaintiff seeks to distinguish this claim for damages from his habeas petition in Superior Court. Plaintiff cannot recover damages under 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 2372 (1994). Plaintiff makes no claim that his conviction has been reversed, expunged, declared invalid or called into question. Likewise, a due process challenge to a parole hearing that would "necessarily imply the invalidity of the punishment imposed" cannot be brought unless plaintiff

4

(1997) (dismissing due process challenge to prison disciplinary hearing). Because the complaint fails to state a claim upon which relief can be granted, it must be dismissed. Id.

An appropriate order accompanies this Memorandum Opinion.

DATE: March 10, 1998

/s/ Gladys Kessler
GLADYS KESSLER
United States District Judge

5