UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DONNELL HURT,                          :
                                       :
                Petitioner             :
                                       :    CIVIL NO. 1:CV-05-0175
        vs.                            :
                                       :    (Judge Caldwell)
S.A. HOLENCIK, *et al.*,               :
                                       :
                Respondents.           :

*M E M O R A N D U M*

I.    *Introduction*.

        Donnell Hurt, a District of Columbia offender, confined
at FCI-Allenwood, White Deer, Pennsylvania, filed this pro se
petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241,
challenging the proceedings of the United States Parole Commission
leading to his parole revocation and a presumptive reparole date
of December 30, 2005.  Parole was revoked on the basis of an
alleged assault by Petitioner on his sister, an alleged threat on
her life, and an unspecified threat on her son.

        The petition raises the following grounds.  First, the
application for the warrant to arrest Petitioner for parole
violations was arbitrary and capricious because it was
inconsistent with the report of the police officer making the
arrest for the assault and the report of Petitioner's community
supervision officer.

Second, the probable-cause hearing violated due process because: (1) neither the arresting police officer nor a witness who supposedly saw the events were present to testify; (2) the witness in fact did not exist; (3) the examiner making the probable-cause decision did not inform Hurt of the evidence supporting the revocation charges against him; (4) the alleged victim denied at the hearing that Petitioner had hit or threatened her, explaining that she had called the police because she was angry that he had put her out of the car they were in at the time of the alleged assault; and (5) there was no other supporting evidence such as medical reports, injury reports or pictures of any injuries.

Third, the revocation hearing violated due process for the following reasons.  To begin with, all evidence that might be used to find a violation was not disclosed to Petitioner before the hearing, as required by 28 C.F.R. § 2.103(d), because the arresting officer's testimony at the hearing went beyond what he had written in his police report; the testimony presented the additional evidence, absent from the report, that the officer had observed swelling and bruising on the left side of the alleged victim's face.  Second, a 1978 robbery charge while Petitioner was a juvenile was incorrectly treated as a conviction for the purpose of setting Petitioner's presumptive parole date.  Third, the

-2-

evidence used was not sufficient to support revocation because:
(1) the witness who supposedly saw the events in fact did not
exist; (2) the alleged victim denied at the hearing that
Petitioner had hit or threatened her; (3) the victim's boyfriend,
Stephen Grace, the only other witness present, submitted a
statement asserting that he did not see Petitioner strike the
victim, did not submit a statement to the police officer that
Petitioner did, and denied that he used the alias of Steve Lee,
the name of the nonexistent witness; (4) Petitioner denied at the
hearing striking or threatening his sister; and (5) the police
officer's testimony concerning the alleged victim's swollen face
was not corroborated by a contemporaneous notation in his report,
a medical or injury report, or a photograph of the bruise.

We will deny the petition.


II.    *Background*.

        Hurt was sentenced in the District of Columbia Superior
Court in 1983 to an aggregate term of fifty-five years and 350
days for Murder II While Armed, Grand Larceny, and Petit Larceny.
(Doc. 5, Response to the Habeas petition, Ex. 1).  Petitioner was
granted parole on April 29, 2003, and required to remain under
supervision until November 13, 2038.  (*Id.*, Ex. 2).

On December 11, 2003, Hurt was arrested in the District of Columbia for "domestic violence, felony threats," and "domestic violence, simple assault." (*Id.*, Ex. 3). In pertinent part, the arresting officer noted the following in his report. The alleged victim was "visibly upset and crying stating that her brother punched her in the face with a closed fist." (*Id.*). While the officer was at the scene, the alleged victim "stated she was on the phone with her brother right now and that he said he would kill her if she said anything and he also stated he would do something to her son." (*Id.*). The witness, identified in the report as Steve Lee, stated he was in the front seat of the car with Petitioner when Petitioner got into an argument with his sister and that Hurt "leaned back and punched [his sister] in the face with a closed fist . . . ." (*Id.*).

The D.C. charges were eventually dismissed, but on December 18, 2003, the Commission issued a warrant for Hurt's arrest, charging him with violating the conditions of parole by committing assault, felony threats, and communicating a threat to kill (interstate commerce-telephone). (*Id.*, Ex. 4, the warrant application). In the warrant application, the case analyst wrote that while the arresting officer was on the scene, Petitioner had "called his sister on the telephone and told her he would kill her if she said anything and he also stated he would do something to

-4-

her son." (*Id.*, Ex. 4).  The application also stated that she had been assaulted "in a car."  (*Id.*).

On January 6, 2004, a probable-cause hearing was held, and probable cause was found for the parole violations.  (*Id.*, Ex. 5).  On April 19, 2004, a revocation hearing was held.  (*Id.*, Ex. 6 (Hearing Summary)).  Petitioner was represented by counsel. (*Id.*).  Petitioner, the alleged victim and the arresting officer testified.  Denying the charges, Petitioner testified that he had done nothing wrong.  His sister admitted that she had told the police officer that Petitioner had hit her and threatened her and her son but that she had lied in doing so because she was angry with her both her boyfriend and her brother.  She was angry with her brother over some money he had given her to fix the brakes on her car.  The police officer testified that when he arrived at the scene, the alleged victim was crying and visibly upset.  She told him that Petitioner had assaulted her, that he had threatened her and her son, and that she was on the phone with Petitioner, who was telling her not to say anything.  He also testified, and beyond the police report, that "he observed that the victim's jaw was red."  (*Id.*, Ex. 6, p. 2 of hearing summary).  Stephen Grace, the sister's boyfriend, did not appear at the hearing but did submit a written statement denying that Petitioner had assaulted or threatened his sister.  (*Id.*, Ex. 6, p. 4 of hearing summary).

-5-

Under the preponderance-of-the-evidence standard, the
hearing examiner found that Hurt had violated the conditions of
parole as charged, based on the police officer's testimony and the
police report.  He calculated that Hurt's reparole guidelines
range was thirty-four to forty-four months, based on an offense
category of four and a salient factor score of 2.  In part, the
salient factor score was calculated by counting the number of
prior juvenile and adult convictions and adjudications Petitioner
had, including a 1978 robbery conviction appearing in Petitioner's
presentence report (PSR).  For the purpose of a parole-revocation
term, the calculation also included the conviction that was the
subject of the parole revocation.  Petitioner's prior convictions
were six, contributing a "prior convictions/adjudications" score
of zero to his salient factor score.  *See* 28 C.F.R. § 2.20 (Item A
of the salient factor scoring manual).[1]

The hearing examiner went below the guidelines range,
recommending a presumptive parole date after service of only
twenty-four months because Petitioner's his parole officer
testified that he had otherwise fully complied with all conditions
of parole and because the assault was the result of an argument
that had gotten out of hand.  The Notice of Action, issued May 7,

---

[1] The lower the salient factor score, the greater the reparole
guidelines range.

2004, accepted the twenty-four-month recommendation but changed
the rationale to rely on severe provocation by the victim, a loss
of control by both Petitioner and the victim, and lack of serious
injury.  (*Id.*, Ex. 7).

III.    *Applicable Parole Law and Standard of Review.*

        The Commission exercises authority over District of
Columbia Code offenders pursuant to § 11231 of the National
Capital Revitalization and Self-Government Improvement Act of
1997, Pub. L. No. 105-33, and D.C. Code § 24-209; see also 28
C.F.R. § 2.70.  The decision to revoke parole is governed by D.C.
Code § 24-406(a), see 28 C.F.R. § 2.105(b), which confers
discretion on the Commission in making the decision.  Fact finding
is by a preponderance of the evidence.  See § 2.105(a).  Hearsay
is admissible.  *Campbell v. United States Parole Comm'n*, 704 F.2d
106, 109-10 (3d Cir. 1983).  The Commission may consider
information from prosecutors and other parties and evidence of
offenses from dismissed charges.  *Id.*  Under 28 C.F.R. § 2.105(b),
a presumptive release date is determined pursuant to 28 C.F.R. §
2.81.  In pertinent part, section 2.81(a) provides that 28 C.F.R.
§ 2.21 shall be used for the reparole guidelines, and section
2.21(b) in turn refers to the guidelines in 28 C.F.R. § 2.20.

-7-

A federal court's review of a Commission decision is
limited.  *Furnari v. Warden*, 218 F.3d 250, 254 (3d Cir. 2000).
The standard applied in such a review "'is not whether the
[Commission's decision] is supported by the preponderance of the
evidence, or even by substantial evidence; the inquiry is only
whether there is a rational basis in the record for the
[Commission's] conclusions embodied in its statement of reasons.'"
*Id.* (quoting *Zannino v. Arnold*, 531 F.2d 687, 691 (3d Cir.
1976)).  However, the review should consider whether the Parole
Commission "'has followed criteria appropriate, rational and
consistent' with its enabling statutes so that its 'decision is
not arbitrary and capricious, nor based on impermissible
considerations.'"  *Id.* (quoting *Zannino*, 531 F.2d at 690).  See
*also Allston v. Gaines*, 158 F. Supp. 2d 76, 79-80 (D.D.C. 2001)
(applying the rational-basis test to a parole revocation case);
*Williams v. U.S. Parole Comm'n*, 617 F. Supp. 470, 472 (M.D. Pa.
1985)(same).


IV.     *Discussion*.

        A. *The Claim that the Application for the
           Parole-Revocation Warrant Was Arbitrary
           and Capricious*.

    Petitioner first argues that the application for the warrant
to arrest him for parole violations was arbitrary and capricious

-8-

because it was inconsistent with the report of the arresting police officer on the assault and with the report of Petitioner's community supervision officer. In support, Petitioner questions the accuracy of two statements in the application, first, that Petitioner had initiated the phone call with his sister in which the threats were made and, second, that the assault had occurred in the car. Petitioner maintains that these statements are not consistent with the police report or with the report of the community supervision officer because the allegation that the assault took place in the car came from Steve Lee, a nonexistent witness, and his sister admitted that she made the phone call to him, not that he called her.

We reject this argument, if it has any relevance. Steve Lee could easily be an alias Stephen Grace decided to use the day of the assault. Additionally, it is irrelevant who initiated the phone call.

B. The Claim that the Probable-Cause Hearing Violated Due Process.

Petitioner claims that the probable-cause hearing violated due process in several ways, but we need not address this claim because his parole-revocation hearing satisfied due process, as established below. *See United States v. Campanion*, 545 F.2d 308, 313 (2d Cir. 1976)(failure to provide probable-cause hearing

-9-

did not entitle the petitioner to release when he received a
proper revocation hearing); *Barton v. Malley*, 626 F.2d 151, 159
(10th Cir. 1980)(any violation of the right to a probable-cause
hearing did not invalidate state revocation of parole when the
petitioner received a final revocation hearing "adequate in all
respects"); *Edwards v. Edwards*, 817 F.2d 756 (6th Cir. 1987)
(unpublished disposition on Westlaw at 1987 WL 37289); *Gibbs v.
Brewington-Carr*, 2000 WL 1728360 at *5 (D. Del.); *Lewis v. United
States Parole Comm'n*, 448 F. Supp. 1327, 1329-30 (E.D. Mich. 1978)
("Whatever may have been the doubtful legality of his
incarceration following the preliminary interview, it was rendered
lawful by the subsequent revocation hearing if that hearing was
properly conducted.").

> C. *The Claim that the Revocation Hearing
> Violated Due Process*.

   Hurt makes the following due-process claims against the
revocation hearing.  First, all evidence that might be used to
find a violation was not disclosed to Petitioner before the
hearing, as required by 28 C.F.R. § 2.103(d), because the
arresting officer's testimony at the hearing went beyond what he
had written in his police report by the additional remark that he
had observed swelling and bruising on the left side of the alleged
victim's face.  Second, a 1978 robbery charge while Petitioner was

-10-

a juvenile was incorrectly treated as a conviction for the purpose
of setting Petitioner's presumptive parole date.  Third, the
evidence used was not sufficient to support revocation because:
(1) the witness who supposedly saw the events in fact did not
exist; (2) the alleged victim denied at the hearing that
Petitioner had hit or threatened her; (3) the victim's boyfriend,
Stephen Grace, the only other witness present, submitted a
statement asserting that he did not see Petitioner strike the
victim, did not submit a statement to the police officer that
Petitioner did, and denied that he used the alias of Steve Lee,
the name of the nonexistent witness; (4) Petitioner denied at the
hearing striking or threatening his sister; and (5) the police
officer's testimony concerning the alleged victim's swollen face
was not corroborated by a contemporaneous notation in his report,
a medical or injury report, or a photograph of the bruise.

We reject these contentions.  As to the first claim
based on 28 C.F.R. § 2.103(d), while this regulatory section does
require the Commission to reveal all evidence beforehand, we do
not think it is violated simply because a witness testifies to a
matter that may not have been revealed in the documentary evidence
the Commission assembled before the revocation hearing.[2]

---

[2] In relevant part, section 2.103(d) provides as follows:

(continued...)

-11-

Essentially, Petitioner's claim is that he was entitled
to disclosure of all the evidence against him before his hearing.
However, while under *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct.
2593, 33 L.Ed.2d 484 (1972), he has a due-process right to
disclosure of the evidence against him, *id.* at 489, 92 S.Ct. at
2604, 33 L.Ed.2d at 499, this is not a right to disclosure of the
evidence before the revocation hearing is held.  *See Baker v.
Wainwright*, 527 F.2d 372, 378 n.23 (5th Cir. 1976) ("*Morrissey*
does not require disclosure to the parolee in writing of the
evidence to be used against him" although "written notice of the
evidence and the specific violations is desirable."); *Commonwealth
v. Quinlan*, 251 Pa. Super. 428, 432, 380 A.2d 854, 856-57 (1977).
*Accord United States v. Ayers*, 946 F.2d 1127, 1129-30 (5th Cir.
1991) (*Morrissey*'s due-process requirements not violated at a
supervised-release revocation hearing when a signature card for a
bank account was introduced at the hearing but not supplied to the

---

[2](...continued)
    All evidence upon which a finding of violation may be
based shall be disclosed to the alleged violator before
the revocation hearing.  Such evidence shall include the
Community Supervision Officer's letter summarizing the
parolee's adjustment to parole and requesting the
warrant, all other documents describing the charged
violation or violations of parole, and any additional
evidence upon which the Commission intends to rely in
determining whether the charged violation or violations,
if sustained, would warrant revocation of parole. . . .

-12-

defendant beforehand, noting that the defendant had been advised
of the charges against him and had been provided with documentary
evidence relating directly to the charge of unauthorized
withdrawal of bank funds).

As to the second claim, Respondents argue that the 1978
robbery appears as a conviction in his PSR, and he cannot
challenge its accuracy in a habeas petition.  They also argue that
even if the robbery conviction were not considered, his claim has
no merit because his salient factor score would remain the same.

We accept Respondents' second argument.  The 1978
conviction was used to calculate Petitioner's salient factor
score.  As Respondents point out, it only takes four prior
convictions for a score of zero for the "prior convictions"
portion of the salient factor score.  *See* 28 C.F.R. § 2.20 (Item A
of the salient factor scoring manual provides for a score of zero
for "four or more" adult and juvenile convictions).  Thus, even if
the challenged conviction is left out, Petitioner still has five
convictions.  This total includes the conviction from which he was
paroled at the time of the revocation conduct.  *See* 28 C.F.R. §
2.20 (salient factor scoring manual, Item A of the "Special
Instructions" for parole or supervised release violator).  Hence,
his "prior convictions" score would still be zero.

-13-

We also reject the third due-process claim.  As noted, our standard of review is a limited one; we can only decide whether there is a rational basis in the record for the Commission's conclusions.  That standard is satisfied here by the testimony of the arresting officer, who testified that Petitioner's sister told him Petitioner had struck her and threatened her, and by his report on the date of the incident. Hearsay is admissible in parole proceedings.  *Campbell, supra,* 704 F.2d at 109-10.  The officer also testified to a direct observation that the sister's jaw was red.  Petitioner has argued the evidence to the contrary in the record, and has made arguments why the officer's testimony should not be accepted, but the Commission was not bound to accept the contrary evidence or Petitioner's arguments.

     D. *Claims in the Reply Brief.*

In his reply brief, Petitioner adds the following claims: (1) he did not violate the conditions of parole because the D.C. charges against him were dismissed; (2) the Commission must follow D.C. law in making the parole determination and the District of Columbia does not use the preponderance-of-the-evidence standard; and (3) his sister has recanted her testimony and is a paranoid schizophrenic.

-14-

These claims have no merit.  The Commission can rely on evidence supporting a criminal charge even if that charge has been dismissed.  *Campbell, supra*, 704 F.2d at 109-10; *see also Barnes v. District of Columbia Bd. of Parole*, 759 A.2d 1073, 1075-76 (D.C. 2000)(recognizing D.C. parole board's authority to rely on facts underlying dismissed charges).  D.C. law used the preponderance-of-the-evidence standard in making the parole determinations.  *Adams v. Braxton*, 656 A.2d 729, 731 n.5 (D.C. 1995).  Finally, the Commission need not accept a recantation, *see Allston, supra,* 158 F. Supp. 2d at 80; *Williams, supra,* 617 F. Supp. 470 at 472, and Petitioner could have made an issue at his revocation hearing of the effect of his sister's alleged mental illness on her powers of perception at the time of the assault, but did not do so.

We will issue an appropriate order.


/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 6, 2005

-15-

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DONNELL HURT,                          :
                                       :
                Petitioner             :
                                       :    CIVIL NO. 1:CV-05-0175
         vs.                           :
                                       :    (Judge Caldwell)
S.A. HOLENCIK, *et al.*,               :
                                       :
                Respondents.           :


*O R D E R*


AND NOW, this 6th day of July, 2005, it is ordered that:

1.  The petition (doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied.

2.  The Clerk of Court shall close this file.


                                /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge