# United States District Court
# For The District of Columbia

| | |
|---|---|
| Donnell Hurt, <br> Plaintiff, <br> v. <br> District of Columbia <br> Metropolitan Police Dept., <br> Officer Brian P. Holland, <br> Defendants. | Civil Action No. 05-1439 <br> (JDB) <br> RECEIVED <br> MAR 27 2006 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

## Plaintiff's Response to the Defendant District of Columbia's Motion to Dismiss Dated: 1-23-06.

Comes Now Plaintiff Pro Se Donnell Hurt submits this Response opposing the Defendant's Motion to Dismiss for the following reasons:

## BACKGROUND

On December 11, 2003, Plaintiff, a free citizen at the time, living in the District of Columbia, was driving his car when he was stopped by an unknown black police officer of the DC Metropolitan Police Department. Plaintiff was taken in custody in a police car. A police report (M.P.D. 163 - Arrest/Prosecution Report) was filed by Officer B.P. Holland or Brian P. Holland Badge # 1168 of the D.C. Metropolitan Police Department which contains the alleged statements of Mary Hurt (alleged victim) and Steve Lee (alleged witness). This report of Officer Brian P. Holland is dated December 11, 2003, form the basis for an unlawful and unreasonable arrest. See Police Report of Officer B.P. Holland pages one and two Exh. A. According to Officer Brian P. Holland's Report, Plaintiff was charged with Domestic Violence as defined under the D.C. Prevention of Domestic Violence Amendment Act of 1990 which was adopted

2.

By the D.C. Government in July 18, 1990 as Act# 8-239 D.C. Code title 16 section 1031 ARRESTS Governs the procedures used by Officers of the D.C. Metropolitan Police Department Relating to Domestic Violence. The procedures states: "A Law Enforcement Officer shall arrest a person if the Law Enforcement Officer has probable cause to believe that the person committed an intrafamily offense that resulted in physical injury, regardless of whether or not the intrafamily offense was committed in the presence of Law Enforcement Officer." Id. at D.C. Code 16-1031. Also D.C. Code title 16-1032 states: "Any law enforcement officer who investigates an intrafamily offense shall file a written report of the incident with the D.C. Metropolitan Police Dept, including the disposition of the case. The Police Force shall maintain the written report." See D.C. Law 8-261 section 2(c)(2) 37 DCR 5001. On December 11, 2003, Plaintiff was stopped and taken into custody by D.C. Metropolitan Police. No Miranda warnings was read to Plaintiff nor was plaintiff given the right to call an attorney. Yet Officer Brian Holland's police report states erroneously that he was the arresting officer and stating Plaintiff had given an alleged statement to him, according to his police report. This report was reviewed by a higher rank Law Enforcement Officer Sgt. Barnes of the First District Station on December 11, 2003. Plaintiff received a copy of the Police Report from his Attorney during his court appearance on December 12, 2003. D.C. Code "16-1033 states: "A Law Enforcement Officer shall not be civilly liable solely because he or she makes an arrest in Good faith and without Malice." However, the Superior Court dismissed the Domestic Violence against Plaintiff on March 22, 2004.

3.

Plaintiff still in custody, however, had went before the U.S. Parole Commission for a Revocation hearing on April 19, 2004. The Hearing was conducted to determine if Plaintiff's parole would be Revoked. Officer Brian P. Holland appeared at the hearing as an Adverse witness along with Mary Hurt. However at the conclusion of the Revocation Hearing, plaintiff's parole was Revoked based solely on the Police Report of Officer Brian P. Holland Dated December 11, 2003 and the testimony of Officer Brian P. Holland Dated April 19, 2004. SEE Notice of Action sheet Dated May 7, 2004. Exh. B.

## STANDARD OF REVIEW

A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). The Plaintiff need not set out in details the facts upon which the claim is based; to the contrary, all that is required is a short and plain statement of the claim that will give the defendant fair notice of what the claim is and the grounds upon which it rests. SEE Sparrow v. United Air lines Inc., 216 F.3d 1111, 1114 (D.C. Cir 2000). This Court must draw all reasonable inferences in the light most favorable to the non-moving party, and accept as true all well-pleaded allegations of facts. SEE Pitney Bowes Inc. V. U.S.P.S., 27 F. Supp. 2d 15, 19 (D.D.C. 1998). In addition, this Court is bound to read the filings of a pro se litigant liberally. SEE Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594 (1972); Richardson v United States, 193 F.3d 545, 548 (D.C. Cir 1999)

4.

## Section 1983 Action

Section 1983 provides that "Every person who, under color of law subjects, or causes to be subjected, any citizen... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress... 42 USC Section 1983." A Municipality, such as the District of Columbia, may be held liable under Section 1983 "only when the execution of its official policy or custom is responsible for the deprivation of Constitutional Rights." Morgan v. District of Columbia, 824 F.2d 1049, 1058 (D.C. Cir. 1987); see also Daskalea v. District of Columbia, 227 F.3d 433, 441 (D.C. Cir. 2000).

Plaintiff complaint, under 42 USC Section 1983, sufficiently alleges that Officer Brian P. Holland, employee and agent of the District of Columbia Metropolitan Police Dept., violated Plaintiff statutory and constitutional rights on December 11, 2003, and again on April 19, 2004 while acting under color of D.C. law.

## ARGUMENTS

Plaintiff contends that the Defendants in their response are trying to divert the Court's attention away from the real issues of importance by submitting in their Memorandum of Points and Authorities in support of their motion to dismiss, prior habeas corpus petitions and civil actions that have no relevance to the events of December 11, 2003 and April 19, 2004. Plaintiff contends that he has a constitutional right of access to redress the Court. The Defendants use of prior filings of Plaintiff as exhibits can only be use to prejudice this Court. Moreover, Plaintiff was a Free citizen when he

5.

was stop by police Officer of the District of Columbia Metropolitan Police Department and taken into custody on December 11, 2003. However, the defendants in their motion stated erroneously that "plaintiff is currently incarcerated at the D.C. Jail or a halfway house." See page #4 of defendant's motion. Plaintiff is currently home and he was home during the filing of Defendant's Response dated January 23, 2006. Plaintiff contends that a police-citizen encounter triggers Fourth Amendment safeguards when there is a seizure of a person or his effects, whether by an arrest or an investigatory "Terry Stop". See Gomez v. Turner, 672 F.2d 134 (DC.Cir. 1982); Terry v Ohio, 392 U.S. 1, 20 (1968); Florida v. Royer, 460 U.S. 491 (1983); U.S. v Cortez, 449 U.S. 411 (1981). Brief investigatory stop constitues 4th Amendment seizure. A seizure occurs when a police officer by force or show of authority restrains the liberty of a citizen. Stone v. Powell 428 U.S. 465 (1976); U.S. v White, 648 F.2d 29 (1981). Plaintiff contends that on December 11, 2003, in which he was driving his car when he was stop by D.C. police and ordered to get out of his car. He was handcuffed and taken into custody. Plaintiff was not read to him his Miranda Rights, contrary to Officer Brian P. Holland's report in which he stated that he was the arresting officer when he obtain a statement from plaintiff in which plaintiff allegedly stated to him "Why are you locking me up if she dont want to press charges." See Police Report page #2, Exh. A. Plaintiff contends that Officer Brian P. Holland never arrested him, never question him when he was in custody, and plaintiff never gave any statement to Officer Brian P. Holland on December 11, 2003. The Due Process Clause of the U.S. Constitution ensures that Government (District of Columbia) or Agents of the Gov't

6.

do not arbitrarily deprive an individual of liberty for requiring that any deprivation be effected pursuant to constitutionally adequate procedures. An essential principle of due process is that a deprivation of liberty "be preceded by notice and opportunity for hearing appropriate to the nature of the case." Board of Regents v Roth, 408 U.S. 564, 570 N.7, (1972) The District of Columbia is a municipality that adopts or promulgates laws, procedures, policies, ordinance, customs and etc, for various administrative and/or subordinate agencies within its government, including the D.C. Metropolitan Police Department. The District of Columbia adopted into law the D.C. Prevention of Domestic Violence Amendment Act in July 18, 1990 as Act# 8-239 under D.C. Code title 16 section 1031 which governs the procedures used by officers of the D.C. Metropolitan Police Department relating to all Domestic Violence Cases. These procedural safeguards create a liberty interest thats protected by the Due process clause of the U.S. Constitution. On December 11, 2003, Plaintiff contends that his Due process liberty interest was violated when he was unreasonably and unlawfully arrest or seized, contrary to the procedural safeguards of D.C. Code 16-1031 Arrest which states (in pertinent parts): "A law enforcement officer shall arrest a person if the law enforcement officer has probable cause to believe that the person committed an intrafamily offense that resulted in physical injury." Officer Brian P. Holland Report of Domestic Violence is govern by this procedure promulgated by the D.C. Government. However, Plaintiff contends that Officer Brian P. Holland did not follow these procedures on December 11, 2003. D.C. Code title 16-1032 states (in pertinent parts): "Any law enforcement officer who investigates an intrafamily offense shall file a written report of the incident with the D.C. Metropolitan

7.

Police Dept, including the disposition of the case, the police force shall maintain the written report. ID." According to Officer Brian P. Holland's Report, he indicates that he was the "Arresting Officer", that he was the Officer that advised plaintiff of his Rights (Miranda warnings) and that he was the "Officer making the Statement" see Police Report Exh.A., contrary to his testimony at the plaintiff's Revocation hearing held on April 19, 2004 in which Officer Brian P. Holland was responding to a series of questions asked by Attorneys Jason Issac and Tracy Hayes representing plaintiff during his Revocation hearing. Officer Brian P. Holland was asked "did he ever go speak to plaintiff when he was in custody of D.C. Police?" His response was "No", contrary to his police report in which he indicated that he was the arresting officer and obtain a statement from plaintiff. D.C. Code 16-1033 states: "A law enforcement officer shall not be civilly liable solely because he or she makes an arrest in good faith and without malice". However, Plaintiff contends that Officer Brian P. Holland's police report is every indication that he's liable since it contains erroneous and inconsistent statements that form the basis for an "arrest" that was unlawful and unreasonable. In addition, Officer Brian P. Holland never made an arrest of plaintiff let alone in "Good Faith". Mary Huet, the Alleged victim, in his Report, submits an Affidavit on behalf of plaintiff in which she states, among other things, that she never told Officer Brian P. Holland that "plaintiff punched her in the face with a closed fist while she was seated in the back seat of his car". She also states in her affidavit that Officer Brian P. Holland lied in his police report dated December 11, 2003, that plaintiff had threaten her while she was talking to

plaintiff on the phone. Plaintiff contends that the testimony of Officer Brian P. Holland at plaintiff's revocation hearing on April 19, 2004, in which he stated that he never question, spoke, or talked with plaintiff when he was in custody of the D.C. metropolitan Police on December 11, 2003, is not consistent with Officer Brian P. Holland's police report in which he states that he obtain a statement from plaintiff and that he was the arresting officer who also advise plaintiff of his Miranda warnings. See revocation hearing tapes #1 and #2 exh. C. The Defendants argued that Officer Brian P. Holland has absolute immunity for his testimony at plaintiff's revocation hearing of April 19, 2004. In Gomez v Toledo, 446 US 635 (1980) petitioner Gomez an agent of the Puerto Rican Police Force was discharged from employment and filed an action against the Superintendent of Police and the Commonwealth of Puerto Rico, alleging that his discharge was in violation of his right to procedural due process and that the defendants acted under color of law. The Supreme Court held that in an action brought under 42 USC Section 1983 against public officials whose position might entitle them to qualified immunity, the plaintiff is not required to allege that the defendants acted in bad faith in order to state a claim for relief, but the burden is on the defendant to plead good faith as an affirmative defense. By Section 1983's plain terms, the plaintiff is required to make two allegations in order to state a cause of action under the statute: (1) that some person deprived him of a federal right and (2) that such person acted under color of state, territorial [or D.C.] law. See Monroe v. Pape, 365 U.S. 167, 171 (1961). Plaintiff has made both of the required allegations. He alleged that his arrest or seizure was unreasonable and unlawful and that the police report violated his right to procedural due process

9.

Plaintiff also alleges that the testimony of Officer Brian P. Holland was erroneous and inconsistent in violation of his right to procedural Due process. Plaintiff also alleged that Officer Brian P. Holland acted under color of D.C. law when he violated Plaintiff's constitutional and statutory rights. Plaintiff contends that the applicable test for determining establishment of the Qualified immunity defense to damages liability under 42 U.S.C.S. section 1983 that is available to "executive officers" for acts performed in the course of official conduct, focuses not only on whether the official had an objectively reasonable belief that his "conduct was lawful, but also on whether the official himself was acting sincerely and with a belief that he was doing right." See Gomez v. Toledo, supra p.35. In Harlow v. Fitzgerald, 457 U.S. 800, The Supreme Court held that "Government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." At 457 U.S. 817-818. Plaintiff contends that his rights to be free of unreasonable and unlawful arrest or seizure; his rights to procedural Due process; his right to be free from cruel and unusual punishment and equal protection of the law were clearly established at the time or Day of December 11, 2003 and April 19, 2004 when they were violated. According to Harlow v. Fitzgerald, supra, The Supreme Court said or reasoned that "If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." Id at 818, 819; See also Butz v. Economou, 438 U.S., at 506 ("It is not unfair to hold liable the official who knows or should

10.

know he is acting outside the Law....") Plaintiff contends that the District of Columbia is liable when Officers of the D.C. Police Dept., acted under color of law or DC Law through the enforcement of or the lack of enforcement of the D.C. Law on Domestic Violence adopted by the D.C. Gov't in July 18 1990. The procedural safeguards governing the way in which these laws are applied were violated on December 11, 2003. Plaintiff contends that the District of Columbia Laws create a liberty interest thats protected by the Due Process Clause of the United States Constitution. A liberty Interest is created when statues, laws, Regulations, etc, place substantial limitations on official discretion. In other words, does the language of the law, regulation, statue mandate a particular result or is the decision essentially discretionary. D.C. Law on Domestic Violence are Mandatory not Discretionary. Plaintiff's rights were violated on December 11, 2003, when the execution or lack of procedural execution of Domestic Violence Law caused the deprivation of his statutory and constitutional rights.

Material Facts in support of this Response

With respect to this Court, Plaintiff will submit to this Court along with this Response materials that support his case. These materials will be use as exhibits in the following order: Police Report of Officer Brian P. Holland (2 pages) Dated December 11, 2003, Exh. A. Notice of Action Sheets (2 pages) Dated May 7, 2004 Exh. B. Revocation Hearing Cassettes (2 tapes) Dated March 15, 2005 along with Disclosure Reqests Dated January 7, and March 15, 2005 Plaintiff's Request to the Chairman, U.S. Parole Commission. And Affidavit of Mary

11.

Hurt Dated March 21, 2006.

Wherefore, Plaintiff pray that this Honorable Court will allow his Response to Survive and allow for Discovery and/or a trial by jury.

### Certificate of Service

Plaintiff Donnell Hurt a pro se litigant hereby certifys that a copy of this Response was made postage prepaid to:

Matthew W. Caspari
Assistant Attorney General
441 4th Street N.W.
Sixth Floor South
Washington DC 20001

This 25th Day of March 2006.

Respectfully Submitted,
s/ Donnell Hurt
Donnell L. Hurt
16 Chesapeake St., S.W.
Washington D.C. Apt. 4
20001