DEC-17-2003 18:43                    3539414                                                      3539414  P.02/05

**METROPOLITAN POLICE DEPARTMENT**
Washington, D. C.
ARREST/PROSECUTION REPORT
P.D. 163 Rev. 1/2002         G.O. 401.5

| Field | Value |
|---|---|
| 5. UNIT-ARREST NO. | 010303384 |
| 6. DEFENDANT'S NAME – LAST, FIRST, MIDDLE (At time of arrest) | Hurt, Donnell, Lawrence |
| 8. Arresting Officer's Name | Holland B.P. |
| 9. TYPE OF RELEASE | |
| 10. NICKNAME / ALIAS | unknown |
| 13. PHONE NUMBER | 635-1861 |
| Rank: ofc | Badge #: 1168 | Agency: mpd |
| 12. COURT DATE | 12-12-03 |
| 13. ADDRESS | 721 Kearny St. NE |
| 14. TIME IN D.C. | life |
| 15. DOMESTIC VIOLENCE | ☒ |
| 16. SEX | Male |
| 17. RACE | Black |
| 18. BIRTHDATE | 4-14-62 |
| 19. SOCIAL SECURITY NUMBER | 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 |
| 20. NEED INTERPRETER | ☒ NO |
| 21. HEIGHT | 6'3" |
| 22. WEIGHT | 220 |
| 23. HAIR | blk |
| 24. EYES | bro |
| 25. COMPLEX | Med |
| 26. PERMIT NO/ST | 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 |
| 27. BIRTHPLACE | Washington DC |
| 29. IMPERSONATOR? | ☒ NO |
| 32. SCARS/MARKS/TATTOOS | none |
| 34. JACKET | brown |
| 35. PANTS | blue jeans |
| 37. SHIRT | black |

**39. WALES/NCIC CHECK**

| CHECK MADE BY | NCIC NUMBER | WARRANT ON FILE |
|---|---|---|
| Alston | 36916 | Yes ☐  No ☒ |

| 40. LOCATION OF OFFENSE | 1100 blk 8th st SE |
| DATE OF OFFENSE | 12-11-03 |
| TIME OF OFFENSE | 1709 |
| 40. LOCATION OF ARREST | 400 I St. SW |
| DATE OF ARREST | 12-11-03 |
| TIME OF ARREST | 1730 |
| 42. ASSISTING OFFICER'S NAME | Harris, T. ofc. 529 |
| ASSISTING OFFICER'S NAME | Jones, T. ofc. 1875 |

**43. DEFENDANT ADVISED OF RIGHTS**

| DATE | TIME | LOCATION | OFFICER'S NAME | BADGE NO. | UNIT |
|---|---|---|---|---|---|
| 12/11/2003 | 1816 | 1st District | Holland, B | 1168 | 111-1 |

**44. COMPLAINANTS / WITNESSES**

| NAME | ADDRESS | BIRTHDATE | HOME PHONE NO. | WORK PHONE NO. |
|---|---|---|---|---|
| W-1 Hurt, Mary | 721 Kearny st. NE | 8-22-69 | 635 1861 | refused |
| W-2 Lee, Steve | 721 Kearny St. NE | 1-24-65 | 635-1861 | unk |

| 45. SPEC. OPS | psa 111 |
| 46. TACTICS | 2 - Radio Run |
| 47. PREMISES | I - Street |
| 48. SCHOOL ZONE / PUBLIC HOUSING | ☐ ☐ |

| CHARGES | NCIC OR WARRANT NUMBER | CCN | MPD DISPOS. | COLLA/BOND RECEIPT NO |
|---|---|---|---|---|
| 1. Domestic violence: Felony threats | | 171-378 | Lock up | |
| 2. Domestic violence: Simple assault | | | | |

50. PROPERTY RECOVERY / ITEMS OF EVIDENCE
51. INITIALS – DATE – UNIT OF PERSON TAKING PRINT
53. RIGHT THUMB PRINT
52. M.O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS
54. CCB USE ONLY: HEIGHT, WEIGHT, HAIR, EYES, COMPLEX, SCARS/MARKS/TATTOOS

DISTRIBUTION: Page 1 to ID & R ; Page 2 & 3 to Prosecutor; Page 4, Unit Copy; Page 5 Officer's Copy

**COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK**

Plaintiff's Exh. A (two pages)

007

12/18/2003 14:51 FAX 202 442 1587    TEAM 49                                    ☒009/010
DEC-17-2003 18:44                3539414                              3539414    P.03/03

## EMPLOYMENT HISTORY (List present employment if any, on Line 1)

| FROM-DATE-TO | EMPLOYER | ADDRESS | BUS. PHONE | OCCUPATION |
|---|---|---|---|---|
| 1. Present | Moving company | Temple Hills, MD | 301-899-5126 | mover |
| 2. | | | | |

## 56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES (Begin with immediate family)

| RELATIONSHIP | DOB/AGE | NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|
| brother | 37 | Hurt, Micheal | 16 Chesepeake St. SE | 249-9598 |
| | | | | |
| | | | | |

| 57. MILITARY SERVICE: BRANCH/DATE FROM – TO | 58. TELEPHONE CALL MADE ☒ YES ☐ NO ☐ REFUSED | 59. PHONE NUMBER |
|---|---|---|
| none | | |

**60. STATEMENT OF FACTS:** (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. (Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. Refer to them as W1 or W2, etc as indicated in item 21.)

This event occurred on 12-11-03 at approximately 1709 at 1100 blk 8th st SE in Washington DC.

While on routine patrol as scout car 111-1 in PSA 111, I a radio run for Domestic assault just occured at 8th & M sts SE. MPD Communications stated that a brother had just assaulted his sister and that he fled the scene in a blue volvo and was described as a black male driving the vehicle. When I arrived on scene in the 1100 blk of 8th st. SE, W-1 was visibility upset and crying stating that her brother punched her in the face with a closed fist. W-1 stated that her brother is Defendant Donnell L. Hurt, a black male 6'3" 210-220 lbs medium complected, black hair, brown eyes, wearing a black shirt, blue jeans and a brown jacket and that he was driving a blue volvo wagon and was last scene driving westbound in the 600 blk of M St. SE. While I was on the scene W-1 stated she was on the phone with her brother right now and that he said he would kill her if she said anything and he also stated that he would do something to her son. W-2 stated he was in the front seat with D-1 when D-1 became involed in a verbal altercation with his sister and that he leaned back and punched W-1 in the face with a closed fist who was sitting in the back seat diagnol from D-1. Scoutcar 103-2 driven by Ofc. T. Harris heard the intial lookout given and observed a car matching the description at the intersection of Delaware & I sts. SW driving westbound on I St. Ofc Harris conducted a traffic stop in the 400 blk of I st SW. I then gave a full lookout of D-1 over the radio to communications. The subject stopped by scoutcar 103-2 matched the description given, and possesed identification showing he was D-1. D-1 was then placed under arrest at this time and transported to the 1st District by scout car 110-1 Ofc. Ruepp, for processing.

**61. DEFENDANT'S VERSION / REMARKS** (What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 118 for defendant's written statement(s).))

"Why are you locking me up if she don't want to press charges"

| 62. RECORD CLERK'S NAME | | | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|
| Alston | 3. | 5. | |
| ARREST RECORD SUMMARY | | | |
| 1.    2. | 4. | 6. | Bk.1116/pg.228 |

65. BAIL REFORM ACT CASES: Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☐ No (If yes, include in Defendant's Version/Remarks Section above.)

| 66. PRINTED NAME – OFFICER MAKING STATEMENT | BADGE NUMBER | RANK | 68. SIGNATURE OF REVIEWING OFFICIAL | |
|---|---|---|---|---|
| Holland, Brian | 1168 | ofc | | |
| 67. SIGNATURE OF OFFICER MAKING STATEMENT | UNIT | DATE | | DATE |
| | 1D-1 | 12/11/2003 | | 12/11/03 |

TOTAL P.03

008

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Notice of Action

Name: HURT, Donnell
Register Number: 00035-000
DCDC No: 191-788

Institution: D.C. CCM/C.T.F.

Date:   May 7, 2004

In the case of the above-named, the following parole action was ordered:

### D.C. Local Revocation

Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive re-parole December 30, 2005 after service of 24 months.

This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Law Violations:   (a) Assault; (b) Felony Threats; (c) Communicating Threat to Kill (Interstate Commerce-Telephone).

Basis: Testimony of the Police Officer Holland and the police report dated 12-11-2003.

### REASONS:

Your parole violation behavior has been rated as criminal conduct of Category Four severity because it involved Communicating a Threat. Your salient factor score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of your hearing date of 04-19-2004, you have been in confinement as a result of your

HURT 00035-000                                                      -1-                                               Clerk:   MDD
Queued: 05-07-2004 09:55:51 BOP-D.C. CCM | USM-District of Columbia - District Court, D.C. District Court | FPD-

Plaintiff's Exh. B (two pages)

violation behavior for a total of 4 month(s). Guidelines established by the Commission indicate a customary range of 34-44 months to be served before release. After review of all relevant factors and

information, a decision below the guidelines is warranted because the following circumstances are present: There was severe provocation by the victim which resulted in a temporary loss of self-control on part of both the offender and his sister (victim) and it is noted there was no serious injuries sustained by the victim, as a result of the simple assault inflicted on the victim by the offender.

The above decision is not appealable.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:   U.S. Marshals Service
      District of Columbia - District Court
      333 Constitution Avenue, N.W.
      Room 1400
      Washington, D.C. 20001
      Attn: Karen Brown

      Jason Issacs
      Public Defender Service
      District of Columbia
      Special Proceedings Division
      633 Indiana Avenue, N.W.
      Washington, D.C. 20004

      Sharon Barnes-Durbin, SCSA
      CSS Data Management Group
      D.C. Court Services & Offender Supervision Agency
      300 Indiana Avenue, N.W., Suite 2149
      Washington, D.C. 20001



**U.S. DEPARTMENT OF JUSTICE**
United States Parole Commission

5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201
Telephone: (301)492-5821
Facsimile: (301)492-5525

January 7, 2005

Mr. Donnell Hurt
Reg. No. 00035-000
Allenwood FCI-Low
Federal Correctional Complex
P.O. Box 1500
White Deer, PA 17887

**Re: Your Disclosure Request**

Dear Mr. Hurt:

This is in response to your request of December 22, 2004 received on December 29, 2004 for copies of documents from your parole file. The terms of your request cover:

Copies of all documents since your last disclosure of April 14, 2004, including the Pre-Hearing Assessment dated January 1, 2004.

The Commission is disclosing all of the documents you requested which are in your active file as of the date of this response, except those documents or portions of documents listed below.

Because the Parole Commission is exempt from the access provisions of the Privacy Act, this disclosure is made under the Freedom of Information Act (FOIA).

**Any copies of documents provided in previous FOIA responses are not included in this response.**

In addition, a copy of the tape recording of your hearing held on April 19, 2004 is enclosed.

If you are dissatisfied with my action on this request, you have thirty (30) days from the receipt of this letter to appeal this decision to the Chairman of the U.S. Parole Commission. An appeal to the Chairman must be made in writing and addressed to the Office of the Chairman, U.S. Parole Commission, 5550 Friendship Boulevard, Suite 420, Chevy Chase, MD 20815.

Sincerely,

Davina Gutrick
Student Assistant

Enclosures - 25 pages and 2 tapes.

**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

March 15, 2005

Mr. Donnell Hurt
Reg. No. 00035-000
Allenwood FCI-Low
Federal Correctional Complex
P.O. Box 1500
White Deer, PA  17887

**Re:  Your Disclosure Request**

Dear Mr. Hurt:

This is in response to your request of February 2, 2005 received on February 8, 2005 for copies of documents from your parole file. The terms of your request cover:

**1). Copy of cell phone bill dated December 20, 2003 (1 page).**
**2). Copy of Police Report dated December 12, 2003 (2 pages).**
**3). Copy of Written statement.***

**\*Note: This document is not contained in the Commission's file.**

The Commission is disclosing all of the documents you requested which are in your active file as of the date of this response.

In addition, a copy of the tape recording of your hearing held on April 19, 2004 is enclosed.

If you are dissatisfied with my action on this request, you have thirty (30) days from the receipt of this letter to appeal this decision to the Chairman of the U.S. Parole Commission. An appeal to the Chairman must be made in writing and addressed to the Office of the Chairman, U.S. Parole Commission, 5550 Friendship Boulevard, Suite 420, Chevy Chase, MD  20815.

Sincerely,

Bartholomew D. Allen
FOIA Technician

Enclosures -- 3 pages

U.S. Parole Commission
5550 Friendship Blvd. Suite 420
Chevy Chase, Md. 20815

Dear Mr. Chairman:                                          2-2-05

This Inmate, Donnell Hurt #00035-000, submits this letter as an Appeal to his Request (pursuant to the Freedom of Information Act) to have copies of all documents, statements, and other materials used and relied upon by hearing Examiner Mr. Thomas at this Inmate's Revocation hearing held at the Correctional Treatment Facility (CTF) in Washington DC on April 19, 2004. This Inmate's Request was dated December 22, 2004.

This writer received a response from Davina Gutrick, Student Assistant at the U.S. Parole Commission. This Response was dated January 7, 2005, and contained only 25 pages of materials from both the Probable Cause and Revocation hearings and two (2) cassette tapes.

This writer Donnell Hurt is making this Appeal to this office of the Chairman because he is not satisfied with the actions of Davina Gutrick based on the following facts:

This writer received a package from Davina Gutrick dated January 7, 2005, containing the two cassette tapes (mention above) that have no recording of the Revocation hearing of April 19, 2004, except on oneside of tape 2 there is part of the closing statements at the very ending of the Revocation hearing.

2.

There is absolutely nothing or no evidence of the hearing on either side of tape one (1) and nothing on oneside of tape two (2). This writer's revocation hearing conducted by hearing examiner Mr. Otis Thomas lasted approximately over two hours. Also, the package sent by Davina Gutrick did not enclose a copy of this writer's cellphone payment receipt for the month of December 2003; The police report of BP Holland dated December 11, 2003, and the written statement of Stephan Grace. All these materials (among other things) were used and relied upon at the revocation hearing of April 19, 2004.

This writer's appeal is seeking the two tapes (cassette) or copies of the cassettes that contain the entire revocation hearing and the above mentioned materials. This writer hopes that this office looks into this matter with the hope of correcting it.

Thank you,
Sincerely,

Donnell Hurt #00035000
Donnell Hurt #00035000
F C I Allenwood
P.O. Box 2000
White Deer, PA.
17887

NOTARIAL SEAL
CYNTHIA A. HUGAR, Notary Public
Gregg Twp., Union County
My Commission Expires December 19, 2005

Sworn to and subscribed before me
this 2 day of Feb 20 05

## Affidavit of Mary Hurt

I Mary Hurt states the following statements contained in this Affidavit:

1. That I was not forced, coerced into making the statement that Officer Brian P. Holland lied in his report dated December 11, 2003, that I told him Donnell Hurt my brother threaten to kill me on the phone in Officer Brian Holland's presence.

2. I also state that Donnell Hurt never hit me and I never told Officer Brian P. Holland that my brother "punched me in the face with a closed fist" while I was seated in his car on December 11, 2003.

3. I never signed my name on his report nor did I give Officer Brian P. Holland permission to use my name and other personal information about me to be used on his police report. Officer Brian P. Holland is a liar.

I Mary Hurt declare that the above statements are true and correct to the best of my knowleged and belief.

_William Carroll_  
Signature of Notary Public

_Mary Hurt_  
Signature of Affiant

This 11 Day of March 2006.

My Comm. Exp ___, 2009