UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Donnell Hurt,** <br><br> **Plaintiff,** <br><br> v. <br><br> **District of Columbia Metropolitan Police Department,** *et al.*, <br><br> **Defendants.** | Civil Action No.  05-1439 (JDB) |

## MEMORANDUM OPINION

In this action brought under 42 U.S.C. § 1983, plaintiff, proceeding *pro se*, alleges that Metropolitan Police Department ("MPD") Officer Brian P. Holland violated his constitutional rights under the Fourth, Fifth and Eighth amendments by filing a false arrest report in December 2003.[1]  The report resulted from an alleged assault by plaintiff upon his sister in the District of Columbia while plaintiff was under federal parole supervision.  Although the charge of simple assault was eventually dismissed, the arrest served as the basis for the United States Parole Commission to issue a parole violator warrant and to revoke plaintiff's parole.  *See* Complaint at p. 3.[2]  Plaintiff blames Officer Holland's alleged inaccurate police report and inconsistent testimony at plaintiff's parole revocation hearing for his re-incarceration. *See* Complaint at 3-4. Plaintiff seeks $1 million in damages.

---

[1]  Plaintiff originally named MPD and Holland as defendants.  By Order of November 17, 2005,  the District of Columbia was substituted as the proper municipal defendant.

[2]  The page citations are to those of the original complaint rather than to those of the electronic docket.

The District of Columbia moves to dismiss the complaint against it pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) on the grounds that the complaint is frivolous and fails to state a claim upon which relief may be granted. The complaint is not wholly lacking "an arguable basis in law and fact," *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984), and therefore will not be dismissed as frivolous. Rather, the complaint will be dismissed in its entirety because the allegations fail to state a claim of municipal liability with respect to the District, and the claim against Officer Holland is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).[3]

A court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) on the ground that it fails to state a claim upon which relief can be granted only if it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). To survive a motion to dismiss in a § 1983 action, plaintiff must allege the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law. 42 U.S.C. § 1983. A municipality may be held liable under § 1983 only when it is shown that an individual wrongdoer was acting pursuant to an unconstitutional policy, practice or custom promulgated or sanctioned by the municipality. *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000) (internal citations

---

[3] Officer Holland has not been served in his individual capacity, *see* Doc. No. 14 (return of service affidavit), and has not otherwise appeared in the case. Plaintiff filed this action while incarcerated at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania. The Court therefore is required to screen the complaint against Officer Holland and dismiss it as soon as practicable upon a determination that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring similar treatment of complaints filed by non-prisoners proceeding *in forma pauperis*).

omitted); *see also Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997); *Meyer v. Reno*, 911 F. Supp. 11, 15 (D.D.C. 1996) (citing cases).

The District of Columbia asserts correctly that plaintiff's claim against it is "premised exclusively on the fact that Officer Holland was an employee of the District." Def.'s Mem. at 6 (citing Complaint). It is established that a municipality cannot be held liable for the acts of its employees based on the principle of *respondeat superior*. *Triplett v. District of Columbia*, 108 F.3d at 1453. The District of Columbia's motion to dismiss therefore is granted.

With respect to Officer Holland, "[p]laintiff claims that [Holland's police report] was the fruit of an unlawful arrest; contains the statements of an alleged witness who doesn't exist, and it is marred with inadequate and inconsistancy [sic] statements." Complaint at p. 4. He thus "claims that his right to due process of law and his right to be free from cruel and unusual punishment were violated when [Holland] appear[ed] at plaintiff's revocation hearing . . . as an adverse witness and testif[ied] using inconsistent and erroneous statement[s]." *Id*. at p. 7. The facts pertaining to Officer Holland's conduct were previously adjudicated on the merits by the United States District Court for the Middle District of Pennsylvania. *See* Def.'s Ex. E, *Hurt v. Holencik*, Civil No. 1:CV-05-0175, Order (M.D. Pa., July 6, 2005) (denying petition for a writ of *habeas corpus*). Defendant therefore asserts correctly that plaintiff is collaterally estopped from relitigating this issue.[4] *See* Def.'s Mem. at 7-8.

Even if this were not the case, plaintiff could not maintain his claim because his success on the merits of the complaint would necessarily invalidate the parole revocation decision. *See* Def.'s Ex. E, Memorandum at 6 ( "the hearing examiner found that Hurt had violated the

---

[4] Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties [or their privies] in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443-44 (1970).

conditions of parole as charged, based on the police officer's testimony and the police report"); Complaint at p. 4 (acknowledging same). Plaintiff therefore cannot recover monetary damages under § 1983 without first establishing that the decision has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. at 486-87; *accord Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (absent invalidation of the prison disciplinary action, the "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"). Plaintiff has claimed neither that the habeas ruling was reversed nor that the revocation decision was otherwise invalidated. He therefore cannot satisfy the prerequisite for maintaining his claim against Officer Holland. Accordingly, the complaint against Officer Holland will be dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, the District of Columbia's motion to dismiss is granted and the complaint is dismissed in its entirety. A separate Order accompanies this Memorandum Opinion.

                                             s/
                                       JOHN D. BATES
                                 United States District Judge

Dated: May 17, 2006